executed, or to have any of the mortgages or assignments appear of record in his name as trustee. The rule governing the liability of trustees in such cases has been clearly stated in the case of Purdy v. Lynch, 72 Hun, 272, 276, 25 N. Y. Supp. 585, 586, as follows: "The general rule is, both in England and this country, that where trustees have once obtained joint possession of a trust fund, and thereafter one of them turns over the fund to his co-trustee, he will, in case of a misappropriation by his associate, be held responsible for it. Sadler v. Hobbs, 2 Brown's Ch. 95; Curtis v. Mason, 12 L. J. N. S. 442; Brumridge v. Brumridge, 27 Beav. 5; Adair v. Brimmer, 74 N. Y. 539; Earle v. Earle, 93 N. Y. 104; Croft v. Williams, 88 N. Y. 384; Bruen v. Gillet, 115 N. Y. 10, 21 N. E. 676, 4 L. R. A. 529, 12 Am. St. Rep. 764. The reason for the rule is apparent, and has been often stated. As to the fund reduced to joint possession, all the trustees are in a situation to see to it that it is applied in the manner provided by the trust maker, and it is the duty of each to take care that it is so applied. The trust maker having elected not to permit a distribution of the fund by one trustee, any attempt to thwart his wish by an arrangement between the trustees must be taken on their own responsibility. Not the cestui que trust, but the trustees, assume the burden which may result from their failure to perform the obligations of a trust because of a confidence which they and not the trust maker saw fit to repose in a single trustee." This rule was approved in the same case upon appeal. 145 N. Y. 462, 40 N. E. 232. I do not regard the decision of the Court of Appeals, however, as decisive of the question involved here. The "unusual and most exceptional facts" in that case, which, in the language of the court, "take it out of the ordinary rules for the conduct of trustees," do not exist in this case. Trustees should understand that in assuming responsibility as such they do not enter upon merely formal obligations. One who creates a trust, either by will or deed, has the right to understand that the trustee, in accepting it, while not bound to the greatest possible vigilance in the discharge of his duties, is yet bound to give such care and attention to their performance as intelligent men, acting in like circumstances, would give to their own affairs. A careful consideration of the evidence before the surrogate leads me to the conclusion that the respondent ought to have been charged, as surviving trustee, in the Wood trust, with principal as per decree of December, 1898, $55,074.50, and increased value of securities, $994.26, and in the Buckingham trust, with principal as per decree of December, 1898, $62,925.20, and increased value of securities, $494, together with unpaid interest on both funds to date of accounting. I think the decree of the Surrogate's Court should be reversed, and the proceeding remitted to the Surrogate's Court of Dutchess county.

BARTLETT, J., concurs.

HAMILTON, Appellant, v. HAMILTON, Respondent. (Supreme Court, Appellate Division, Second Department. July 27, 1905.) Ac-

tion by Mary Alice Hamilton against William I. Hamilton. No opinion. Order affirmed, with costs.

HAMMOND, Respondent, v. NATIONAL STARCH CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. October 18, 1905.) Action by Michael Hammond against the National Starch Company. No opinion. Judgment and order affirmed, with costs.

HAMMOND, Respondent, v. NATIONAL STARCH CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. November 29, 1905.) Action by Michael Hammond against the National Starch Company. No opinion. Motion for leave to appeal to the Court of Appeals denied, with $10 costs and disbursements.

In re HARE. (Supreme Court, Appellate Division, First Department. November 2, 1905.) In the matter of Montgomery Hare. No opinion. Order affirmed.

HARRIS, Respondent, v. NELSON, Appellant. (Supreme Court, Appellate Division, Second Department. July 27, 1905.) Action by Joseph H. Harris against Nicholas Nelson. No opinion. Judgment of the Municipal Court affirmed, with costs.

HART, Respondent, v. METROPOLITAN ST. RY. CO., Appellant. (Supreme Court, Appellate Division, First Department. July 7, 1905.) Action by Cary W. Hart against the Metropolitan Street Railway Company. B. H. Ames, for appellant. R. A. Paddock, for respondent. No opinion. Judgment reversed, new trial ordered, costs to appellant to abide event, unless plaintiff stipulates to reduce judgment as entered to $7,684.60, in which event judgment, as so modified, affirmed, without costs.

HARTMAN, Respondent, v. GREENE, Appellant. (Supreme Court, Appellate Division, First Department. July 7, 1905.) Action by Richard J. Hartman against William Greene. Griggs, B. & B., for appellant. A. Thain, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

HARTWICK, Respondent, v. FORD et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. November 22, 1905.) Action by Mary Hartwick against Edwin R. Ford and others. No opinion. Order affirmed, with $10 costs and disbursements.

HAVERHILL BOX BOARD CO., Respondent, v. COY, HUNT & CO., Appellant. (Supreme Court, Appellate Term. November 24, 1905.) Appeal from Municipal Court, Borough of Manhattan, Second District. Action by the Haverhill Box Board Company against Coy, Hunt & Co. From a judgment for plaintiff, defendant appeals. Affirmed. Robinson & Robinson, for appellant. James S. Lehmaier, for respondent.